# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2018

Lyle W. Cayce
Clerk

No. 18-40132
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DALIA ALELI LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-567-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dalia Aleli Lopez pleaded guilty to (1) conspiracy to import 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing methamphetamine and (2) importation of 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing methamphetamine. Lopez argues that her convictions were not supported by an adequate factual basis because the Government failed to meet

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40132

its obligation to prove that she had knowledge of the quality and quantity of methamphetamine involved in her offenses.

As Lopez concedes, her argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), which held that *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), did not overturn *United States v. Gamez-Gonzalez*, 319 F.3d 695 (5th Cir. 2003), and that the Government is not required to prove knowledge of the drug type and quantity as an element of a 21 U.S.C. § 841 drug trafficking offense. Likewise, knowledge of drug type and quantity is not an element that must be proven for an offense under the related drug importation statutes of 21 U.S.C. §§ 952(a) and 960(a). *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir. 1978); *see United States v. Valencia-Gonzales*, 172 F.3d 344, 345-46 (5th Cir. 1999). Thus, the Government was not required to prove that Lopez knew the quality and quantity of the methamphetamine involved in her offenses.

Accordingly, Lopez's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.